1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

MARIELA MURRILLO, individually, and on behalf of all others similarly situated,

NO.

11

Plaintiff,

**CLASS ACTION COMPLAINT**

12

13

v.

*JURY TRIAL DEMANDED*

14

OBI SEAFOODS, LLC,

15

Defendant.

16

17    Plaintiff Mariela Murrillo ("Plaintiff") brings this Class Action Complaint against OBI

Seafoods, LLC ("Defendant" or "OBI"), individually and on behalf of all others similarly

18

situated ("Class Members"), and by and through counsel, and alleges, upon personal

19

knowledge as to her own actions and her counsels' reasonable investigations, and upon

20

information and belief as to all other matters, as follows:

21

22

**NATURE OF THE ACTION**

23

1.    Plaintiff brings this class action against Defendant for its failure to properly

24

secure and safeguard personally identifiable information[1] including, but not limited to, full

25

26

---

[1] Personally identifiable information generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. §

CLASS ACTION COMPLAINT - 1

names, Social Security numbers, demographic information, dates of birth, medical information, health insurance and claims information, government identifiers (e.g., driver's license), bank account information, and, for some, the private information of employee/former employees' dependents and beneficiaries (collectively, "Private Information").[2]

2.      Defendant is a canner of wild Alaska salmon that is headquartered in Seattle, Washington. Defendant provides customers with "the freshest and most sustainably sourced seafood possible."[3] To do so, OBI employs workers in ten areas of Alaska, at its headquarters in Seattle, Washington, and in a sales office near the Tsukiji Fish Market in Tokyo, Japan.

3.      In the ordinary course of Defendant's business, Defendant requests, acquires, possesses, analyzes, and otherwise utilizes Plaintiff's and putative Class Members' Private Information, all of which is necessary for its business purposes.

4.      With this action, Plaintiff seeks to hold Defendant responsible for the harms it caused and will continue to cause Plaintiff and thousands[4] of other similarly situated persons in a significant and preventable cyberattack purportedly discovered by Defendant on or around August 16, 2024, by which cybercriminals infiltrated Defendant's inadequately protected network servers and accessed and exfiltrated highly sensitive Private Information belonging to Plaintiff and Class Members which was being kept unprotected (the "Data Breach").

5.      Plaintiff seeks to hold Defendant responsible for not ensuring that it maintained

---

200.79. At a minimum, it includes all information that on its face expressly identifies an individual. PII also is generally defined to include certain identifiers that do not on its face name an individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers).

[2] *See* https://obiseafoods.com/news/notice-of-data-breach (last visited March 31, 2025).

[3] https://obiseafoods.com/consumer-faqs (last visited March 31, 2025).

[4]      https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/2b12caeb-be3f-4e55-8c7c-8137883aa312.html indicating that at least 19,014 (last visited March 31, 2025).

CLASS ACTION COMPLAINT - 2

the Private Information in a manner consistent with industry standards.

6.    On or about March 19, 2025, Defendant notified State Attorneys General, Plaintiff, and many Class Members about the widespread Data Breach (the "Notice Letter").[5]

7.    While Defendant claims to have discovered the Data Breach as early as August 16, 2024, upon information and belief, Defendant did not begin informing any or most of the victims of the Data Breach until mid-March 2025, about 7 months later.[6] Indeed, Plaintiff and Class Members were wholly unaware of the Data Breach until they received Notice Letters from Defendant. During this time, Plaintiff and Class Members were unaware that their sensitive Private Information had been compromised, and that they were, and continue to be, at significant risk of identity theft and various other forms of personal, social, and financial harm.

8.    The Notice Letter provides little detailed information regarding the Data Breach and only recommends how victims can place a fraud alert or credit freeze on their account and how to sign up for the limited identity monitoring services Defendant offered in response to the Data Breach. The Notice Letter does not explain how the Data Breach occurred, what specific steps Defendant took following the Data Breach, what changes Defendant made to its data security, or most importantly, why there was a seven month delay in notification, and whether Plaintiff's and Class Members' Private Information remains in the possession of criminals. To date, these critical facts have not been explained or clarified to Plaintiff and Class Members, who have a vested interest in ensuring that their Private Information remains protected.

9.    Plaintiff and the Class Members have taken reasonable steps to maintain the confidentiality of their Private Information.

---

[5] Plaintiff's Notice, which contains further information regarding the Data Breach, is attached as **Exhibit A**.
[6] *See* Exhibit A.

CLASS ACTION COMPLAINT - 3

10.    By acquiring, using, and benefiting from Plaintiff's and Class Members' Private Information for its business purposes, Defendant owed or otherwise assumed common law, contractual, and statutory duties that extended to Plaintiff and Class Members. These duties required Defendant to design and implement adequate data security systems to protect Plaintiff's and Class Members' Private Information in its possession and to keep Plaintiff's and Class Members' Private Information confidential, safe, secure, and protected from unauthorized disclosure, access, dissemination, or theft.

11.    Defendant breached these duties by failing to implement adequate data security measures and protocols to properly safeguard and protect Plaintiff's and Class Members' Private Information from a foreseeable cyberattack on its systems that resulted in the unauthorized access and theft of Plaintiff's and Class Members' Private Information.

12.    Currently, the full extent of the types of Private Information, the scope of the breach, and the root cause of the Data Breach are all within the exclusive control of Defendant, its agents, counsel, and forensic security vendors at this phase of the litigation.

13.    Defendant disregarded the rights of Plaintiff and Class Members by intentionally, willfully, recklessly, and/or negligently failing to take and implement adequate and reasonable measures to ensure that the Private Information of Plaintiff and Class Members was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and failing to follow applicable, required, and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use. As a result, the Plaintiff's and Class Members' Private Information was compromised through disclosure to an unknown and unauthorized criminal third party.

14.    Upon information and belief, Defendant breached its duties and obligations in

CLASS ACTION COMPLAINT - 4

one or more of the following ways: (1) failing to design, implement, monitor, and maintain reasonable network safeguards against foreseeable threats; (2) failing to design, implement, and maintain reasonable data retention policies; (3) failing to adequately train staff on data security; (4) failing to comply with industry-standard data security practices; (5) failing to warn Plaintiff and Class Members of Defendant's inadequate data security practices; (6) failing to encrypt or adequately encrypt the Private Information; (7) failing to recognize or detect that its network had been compromised and accessed in a timely manner to mitigate the harm; (8) failing to utilize widely available software able to detect and prevent this type of attack; and (9) otherwise failing to secure the hardware using reasonable and effective data security procedures free of foreseeable vulnerabilities and data security incidents.

15.    Based on the type of sophisticated and targeted criminal activity, the type of Private Information involved, and Defendant's admission that the Private Information was accessed, Plaintiff can reasonably conclude that the unauthorized criminal third party was able to successfully target Plaintiff's and Class Members' Private Information, infiltrate and gain access to Defendant's network, and exfiltrate Plaintiff's and Class Members' Private Information for the purposes of using or selling the Private Information for use in future fraud and identity theft-related cases.

16.    As a result of Defendant's failures and the Data Breach, Plaintiff's and Class Members' identities are now at a current and substantial imminent and ongoing risk of identity theft and shall remain at risk for the rest of their lives.

17.    As Defendant instructed, advised, and warned in its Notice Letter discussed below, Plaintiff and Class Members must now closely monitor their financial accounts to guard against future identity theft and fraud. Plaintiff and Class Members heeded such warnings to

CLASS ACTION COMPLAINT - 5

mitigate against the imminent risk of future identity theft and financial loss. Such mitigation efforts included, and will include into the future: (a) reviewing financial statements; (b) changing passwords; and (c) signing up for credit monitoring and identity theft monitoring services. The loss of time and other mitigation costs are tied directly to guarding and mitigating against the imminent risk of identity theft.

18.    Defendant's meager attempt to ameliorate the effects of the Data Breach with *two years* of credit monitoring, which is not automatic, is woefully inadequate. Much of the Private Information that was stolen is immutable and is woefully inadequate in the face of a life-long heightened risk of identity theft.

19.    Plaintiff and Class Members suffered numerous actual and concrete injuries as a direct result of the Data Breach, including: (a) financial costs incurred mitigating the materialized risk and imminent threat of identity theft; (b) loss of time and loss of productivity incurred mitigating the materialized risk and imminent threat of identity theft; (c) financial costs incurred due to actual identity theft; (d) loss of time incurred due to actual identity theft; (e) loss of time heeding Defendant's warnings and following its instructions in the Notice Letter; (f) deprivation of value of their Private Information; (g) invasions of their privacy; and (h) the continued risk to their Private Information, which remains in the possession of Defendant, and which is subject to further breaches, so long as Defendant fails to undertake appropriate and adequate measures to protect it.

20.    Plaintiff brings this action on behalf of all persons whose Private Information was compromised due to Defendant's failure to adequately protect Plaintiff's and Class Members' Private Information. Accordingly, Plaintiff brings this action against Defendant seeking redress for its unlawful conduct and asserts claims on behalf of the Class for

CLASS ACTION COMPLAINT - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Negligence, Breach of Implied Contract, Unjust Enrichment, and Violation of the Washington

Consumer Protection Act, RCW 19.86.020.

**PARTIES**

*Plaintiff Mariela Murrillo*

21.    Plaintiff Mariela Murrillo is an adult individual and, at all relevant times herein, a resident and citizen of the State of Alaska, residing in Cordova, located in the Chugach Census Area of Alaska. Plaintiff Murrillo received the Notice Letter via mail dated March 19, 2025.

*Defendant OBI Seafoods, LLC*

22.    Defendant OBI Seafoods, LLC is a salmon-canning limited liability company, organized  under the laws of Alaska, with its principal place of business located at 1100 West Ewing Street, Seattle, Washington 98119. OBI Seafoods can be served through its registered agent at: PR Corp. Services, Inc., 10900 N.E. 4th Street, Suite 1850, Bellevue, Washington 98004.

**JURISDICTION AND VENUE**

23.    Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one class member, including Plaintiff, is a citizen of a state different from Defendant.

24.    Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in

CLASS ACTION COMPLAINT - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

this Court under 28 U.S.C. §1367.

25.     Defendant is headquartered and routinely conducts business in the state where this district is located, has sufficient minimum contacts in this State, and has intentionally availed itself of this jurisdiction by marketing and selling products and services, employing individuals, and conducting business, and by accepting and processing payments for those products and services within this State.

26.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiff's claims occurred within this district, and Defendant does business in this judicial district.

## DEFENDANT'S BUSINESS

27.     Defendant OBI Seafoods, LLC is a wholesale trade business that produces and sells fresh, frozen, and canned salmon and salmon products to an international market. It maintains the company's administrative team, including operations management, marketing and sales, logistics, human resources, information technology, and accounting in Seattle, Washington. In addition, OBI has ten locations in Alaska's major salmon areas and a sales office located in Tokyo, Japan.

28.     Plaintiff and Class Members are current and former OBI employees and/or vendors and in some cases, the dependents and beneficiaries or current or former employees.

29.     As a condition of providing employment or sales opportunities to Plaintiff and the Class, Defendant requires that these individuals entrust it with a wealth of Private Information, which it compiles, stores, and maintains on its computer network.

30.     Defendant has served thousands of individuals and maintains a massive repository of Private Information, becoming a lucrative target for data thieves looking to

CLASS ACTION COMPLAINT - 8

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

obtain, misuse, or sell private data.

31.     Upon information and belief, in the ordinary course of its business, OBI maintains the Private Information of Plaintiff and Class Members in an unencrypted state.

32.     Because of the highly sensitive and personal nature of the information Defendant acquires and stores with respect to employees, Defendant, upon information and belief, promises to, among other things: keep protected information private; inform individuals of its legal duties and comply with all federal and state laws protecting employee Private Information; only use and release Private Information for reasons that relate to employment and taxes, and, provide adequate notice to individuals if their Private Information is disclosed without authorization.

33.     Upon information and belief, Defendant also collects certain medical and health insurance information that is covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). For some individuals, OBI admits that the data accessed and stolen in the Data Breach includes "medical information, health insurance and claims information,"[7] which is protected by HIPAA ("PHI").

34.     As a HIPAA covered entity (*see infra*), OBI is required to implement adequate safeguards to prevent unauthorized use or disclosure of Private Information, including by implementing requirements of the HIPAA Security Rule, and to report any unauthorized use or disclosure of Private Information, including incidents that constitute breaches of unsecured protected health information, as in the case of this Data Breach.

35.     However, OBI did not maintain adequate security to protect its systems from infiltration by cybercriminals, and it waited approximately seven months to disclose the Data

---

[7] *See* https://obiseafoods.com/news/notice-of-data-breach (last accessed March 31, 2025).

CLASS ACTION COMPLAINT - 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Breach through its Notice Letters to some or all of the Data Breach victims.

36.     By obtaining, collecting, using, and deriving a benefit from Plaintiff and Class Members' Private Information, Defendant assumed legal and equitable duties and knew or should have known that it was responsible for protecting Plaintiff's and Class Members' Private Information from unauthorized disclosure.

37.     At every step, Defendant stores Plaintiff's and Class Members' Private Information and has a duty to protect that Private Information from unauthorized access.

38.     Plaintiff and Class Members relied on Defendant to implement and follow adequate data security policies and protocols, to keep their Private Information confidential and securely maintained, to use their Private Information solely for proper business purposes, and to prevent the unauthorized disclosure of their Private Information.

39.     Defendant's website Privacy Policy, posted on its website, states that OBI has "implemented measures designed to secure your personal information from accidental loss and from unauthorized access, use, alteration, and disclosure."[8] Since all or many job seekers apply through the OBI website, the Private Information provided to OBI by jobseekers and employees should be covered by this Privacy Policy.

40.     Its Privacy Policy makes numerous representations that it would adequately protect Plaintiff's and Class Members' Private Information as required by law, but failed to do so.

***The Data Breach and Notice Letter***

41.     On or about August 16, 2024, OBI detected suspicious activity on its computer

---

[8] *Privacy Policy*, https://obiseafoods.com/privacy-policy (last visited March 31, 2025).

CLASS ACTION COMPLAINT - 10

network.[9]

42.    As OBI explains in its March 11, 2025 website Notice of Data Breach:

OBI Seafoods, LLC ("OBI") is informing current and former workers and vendors of OBI and Ocean Beauty Seafoods, LLC ("OBS") about a recent security incident.

While we are unaware of any reports of fraud or identity theft as a result of this incident, if you are a current or former worker or vendor of OBI or OBS, you are encouraged to read this notice carefully as it contains information regarding the incident and steps you can take to safeguard your personal information.

**What Happened?**
On or around August 16, 2024, OBI became aware of a security incident impacting a portion of its environment. Upon detection, OBI immediately took steps to secure its systems and engaged external cybersecurity specialists to assist with the investigation. OBI also notified federal law enforcement of the incident. Through the investigation, OBI determined that information related to current and former workers and vendors of OBI or OBS may be involved.

**What Information Was Involved?**
OBI maintains information relating to both OBI and OBS workers and vendors. Although the information involved varies depending on the individual and their relationship with OBI or OBS, this section provides details regarding the personal information potentially affected by this incident.

1. **Vendors**: If you are a current or former vendor of OBI or OBS, your Taxpayer ID and/or Social Security number may be involved if you provided this information to OBI or OBS.
2. **Work Relationship**: If you have or had a work relationship with OBI or OBS (e.g., as a current or former employee), the information potentially involved includes your name, address, demographic information, Social Security number, date of birth, medical information, health insurance and claims information, government identifiers (e.g., driver's license), and bank account information. Additionally, if you provided OBI or OBS with information about your dependents and beneficiaries, that information might also be affected.

---

[9] *See* Notice Letter, Exhibit A.

CLASS ACTION COMPLAINT - 11

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**What Are We Doing?**

The confidentiality, privacy, and security of the information we maintain remains our top priority. Upon discovery, we moved quickly and diligently to investigate the incident, ensure the security of our systems, and identify whose information may be involved.[10]

43.     OBI goes on to suggest ways that those individuals who were affected by the Data Breach, including Plaintiff and Class Members, sign up for any identity theft services, review their accounts for suspicious activity regularly and monitor credit reports for suspicious activity, order credit reports, etc.[11]

44.     Upon information and belief, Plaintiff's and Class Members' Private Information was exfiltrated and stolen in the attack.

45.     OBI's investigation determined that the accessed systems contained Private Information. Upon information and belief, this Private Information was accessible, unencrypted, unprotected, and vulnerable to acquisition and/or exfiltration by the unauthorized actor.

46.     Defendant had obligations created by contract, industry standards, HIPAA, common law, and its own promises and representations to keep Plaintiff's and Class Members' Private Information confidential and to protect it from unauthorized access and disclosure. It also had obligations to promptly notify victims of the Data Breach, but it failed to do so for about seven months.

47.     Plaintiff and Class Members provided their Private Information directly, or indirectly, to Defendant with the reasonable expectation and mutual understanding that

---

[10] https://obiseafoods.com/news/notice-of-data-breach

[11] *See, id.*

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

48.    Through its Notice Letter, OBI also recognized the actual imminent harm and injury that flowed from the Data Breach, so it encouraged breach victims to take steps to mitigate their risk of identity theft, such as reviewing financial accounts, and reviewing credit reports for possible fraud.

49.    OBI has offered limited, abbreviated, and non-automatic credit monitoring services to victims, thereby identifying the harm posed to Plaintiff and Class Members as a result of the Data Breach, which does not adequately address the lifelong harm that victims face following the Data Breach. Indeed, the Data Breach involves Private Information that cannot be changed, such as Social Security numbers.

50.    The Notice Letters sent to Plaintiff and Class Members stated Private Information, including name, address, demographic information, Social Security number, date of birth, medical information, health insurance and claims information, government identifiers (e.g., driver's license), and bank account information, as well as information about your dependents and beneficiaries were accessed and exfiltrated in the Data Breach.

51.    As a result of OBI's notification delay, Plaintiff and Class Members had no idea their Private Information had been compromised in the Data Breach, and that they were, and continue to be, at significant risk of identity theft and various other forms of personal, social, and financial harm. The risk will remain for their respective lifetimes.

52.    Defendant's failure to timely detect and report the Data Breach made its current and former employees vulnerable to identity theft, without any warnings to monitor their financial accounts or credit reports to prevent unauthorized use of their Private Information.

CLASS ACTION COMPLAINT - 13

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

53.     This Private Information was compromised due to Defendant's negligent and/or careless acts and omissions and the failure to protect the Private Information of Plaintiff and Class Members.

54.     The targeted cyberattack was expressly designed to gain access to and exfiltrate private and confidential data, including (among other things) the Private Information of employees like Plaintiff and Class Members.

55.     Despite recognizing its duty to do so, on information and belief, Defendant has not implemented reasonable cybersecurity safeguards or policies to protect its consumers' Private Information nor trained its IT or data security employees to prevent, detect, and stop breaches of its systems. As a result, Defendant leaves significant vulnerabilities in its systems for cybercriminals to exploit and gain access to employees' Private Information.

56.     Plaintiff and Class Members directly or indirectly entrusted Defendant with sensitive and confidential information, including their Private Information which includes information that is static, does not change, and can be used to commit myriad financial crimes.

57.     Plaintiff and Class Members relied on Defendant to keep their Private Information confidential and securely maintained, to use their Private Information for authorized purposes only, and to make only authorized disclosures of this information. Plaintiff and Class Members demand Defendant safeguard their Private Information.

58.     The unencrypted Private Information of Plaintiff and Class Members will likely end up for sale on the Dark Web, as that is the *modus operandi* of hackers. In addition, unencrypted Private Information may fall into the hands of companies that will use the detailed Private Information for targeted marketing without the approval of Plaintiff and Class Members. In turn, unauthorized individuals can easily access the Private Information of

CLASS ACTION COMPLAINT - 14

Plaintiff and Class Members.

59.    Defendant did not use reasonable security procedures and practices appropriate to the nature of the sensitive, unencrypted information they were maintaining for Plaintiff and Class Members, causing the exposure of Private Information.

60.    Due to OBI's inadequate security measures and its delayed notice to victims, Plaintiff and Class Members now face a present, immediate, and ongoing risk of fraud and identity theft that they will have to deal with for the rest of their lives.

**The Data Breach Was Foreseeable**

61.    Defendant's data security obligations were particularly important given the substantial increase in cyberattacks and/or data breaches in industries holding significant amounts of PII preceding the date of the breach.

62.    At all relevant times, OBI knew, or should have known, that Plaintiff's, and Class Members' Private Information was a target for malicious actors. Despite such knowledge, OBI failed to implement and maintain reasonable and appropriate data privacy and security measures to protect Plaintiff's and Class Members' Private Information from cyberattacks that OBI should have anticipated and guarded against.

63.    The targeted attack was expressly designed to gain access to and exfiltrate private and confidential data, including (among other things) the Private Information of employees, like Plaintiff and Class Members.

**Defendant Fails to Comply with FTC Guidelines**

64.    The Federal Trade Commission ("FTC") has promulgated numerous guides for businesses which highlight the importance of implementing reasonable data security practices. According to the FTC, the need for data security should factor into all business decision-

CLASS ACTION COMPLAINT - 15

making.

65.    In 2016, the FTC updated its publication, *Protecting Personal Information: A Guide for Business*, which established cyber-security guidelines for businesses. The guidelines note that businesses should protect the personal customer information that they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct any security problems.[12] The guidelines also recommend that businesses use an intrusion detection system to expose a breach as soon as it occurs; monitor all incoming traffic for activity indicating someone is attempting to hack the system; watch for large amounts of data being transmitted from the system; and have a response plan ready in the event of a breach.[13]

66.    The FTC further recommends that companies not maintain PII longer than necessary for authorization of a transaction; limit access to sensitive data; require complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party service providers have implemented reasonable security measures.

67.    The FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect customer data, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses

---

[12] *Protecting Personal Information: A Guide for Business*, Federal Trade Commission (2016). Available at https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf (last visited March 31, 2025).

CLASS ACTION COMPLAINT - 16

must take to meet their data security obligations.

68.     Defendant failed to properly implement basic data security practices.

69.     Defendant's failure to employ reasonable and appropriate measures to protect against unauthorized access to employees' Private Information constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

70.     Defendant was at all times fully aware of its obligation to protect the Private Information of current and former employees. Defendant was also aware of the significant repercussions that would result from its failure to do so.

71.     Defendant failed to meet the minimum standards of any of the following frameworks: the NIST Cybersecurity Framework Version 1.1 (including, without limitation, PR.AC-1, PR.AC-3, PR.AC-4, PR.AC-5, PR.AC-6, PR.AC-7, PR.AT-1, PR.DS-1, PR.DS-5, PR.PT-1, PR.PT-3, DE.CM-1, DE.CM-4, DE.CM-7, DE.CM-8, and RS.CO-2), and the Center for Internet Security's Critical Security Controls (CIS CSC), which are all established standards in reasonable cybersecurity readiness.

72.     The above frameworks are applicable industry standards for employers, and Defendant failed to comply with these accepted standards, thereby opening the door to the cyber incident and causing the data breach.

73.     A victim of a data breach is exposed to serious ramifications regardless of the nature of the data. Indeed, the reason criminals steal personally identifiable information is to monetize it by selling the spoils of their cyberattacks on the black market to identity thieves who desire to extort and harass victims, take over victims' identities in order to engage in illegal financial transactions under the victims' names. Because a person's identity is akin to a

---

[13] *Id.*

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

puzzle, the more accurate pieces of data an identity thief obtains about a person, the easier it is for the thief to take on the victim's identity, or otherwise harass or track the victim. For example, armed with just a name and date of birth, a data thief can utilize a hacking technique referred to as "social engineering" to obtain even more information about a victim's identity, such as a person's login credentials or Social Security number. Social engineering is a form of hacking whereby a data thief uses previously acquired information to manipulate individuals into disclosing additional confidential or personal information through means such as spam phone calls and text messages or phishing emails.

74.    The FTC recommends that identity theft victims take several steps to protect their personal and financial information after a data breach, including contacting one of the credit bureaus to place a fraud alert (consider an extended fraud alert that lasts for seven years if someone steals their identity), reviewing their credit reports, contacting companies to remove fraudulent charges from their accounts, placing a credit freeze on their credit, and correcting their credit reports.[14]

75.    Identity thieves use stolen personal information such as Social Security numbers for a variety of crimes, including credit card fraud, phone or utilities fraud, and bank/finance fraud.

76.    Identity thieves can also use Social Security numbers to obtain a driver's license or official identification card in the victim's name but with the thief's picture; use the victim's name and Social Security number to obtain government benefits; or file a fraudulent tax return using the victim's information. In addition, identity thieves may obtain a job using the victim's Social Security number, rent a house or receive medical services in the victim's name, and may

CLASS ACTION COMPLAINT - 18

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

even give the victim's personal information to police during an arrest, resulting in an arrest warrant being issued in the victim's name.

77.    Moreover, theft of Private Information is also gravely serious because Private Information is an extremely valuable property right.[15]

78.    Its value is axiomatic, considering the value of "big data" in corporate America and the fact that the consequences of cyber thefts include heavy prison sentences. Even this obvious             risk-to-reward analysis illustrates beyond doubt that Private Information has considerable market value.

79.    It must also be noted there may be a substantial time lag—measured in years—between when harm occurs and when it is discovered, and also between when Private Information and/or financial information is stolen and when it is used.

80.    Private Information is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black-market" for years.

81.    There is a strong probability that entire batches of stolen information have been dumped on the black market and are yet to be dumped on the black market, meaning Plaintiff and Class Members are at an increased risk of fraud and identity theft for many years into the future.

82.    Thus, Plaintiff and Class Members must vigilantly monitor their financial and medical accounts for many years to come.

---

[14] *See IdentityTheft.gov*, Federal Trade Commission, https://www.identitytheft.gov/Steps (last visited March 31, 2025).

[15] *See, e.g.*, John T. Soma, et al, *Corporate Privacy Trend: The "Value" of Personally Identifiable Information ("PII") Equals the "Value" of Financial Assets*, 15 Rich. J.L. & Tech. 11, at *3–4 (2009) ("PII, which companies

CLASS ACTION COMPLAINT - 19

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

83.    Private Information can sell for as much as $363 per record according to the Infosec Institute.[16] Private Information is particularly valuable because criminals can use it to target victims with frauds and scams. Once Private Information is stolen, fraudulent use of that information and damage to victims may continue for years.

84.    For example, the Social Security Administration has warned that identity thieves can use an individual's Social Security number to apply for additional credit lines.[17] Such fraud may go undetected until debt collection calls commence months, or even years, later. Stolen Social Security Numbers also make it possible for thieves to file fraudulent tax returns, file for unemployment benefits, or apply for a job using a false identity.[18] Each of these fraudulent activities is difficult to detect. An individual may not know that his or her Social Security Number was used to file for unemployment benefits until law enforcement notifies the individual's employer of the suspected fraud. Fraudulent tax returns are typically discovered only when an individual's authentic tax return is rejected.

85.    Moreover, it is not an easy task to change or cancel a stolen Social Security number.

86.    An individual cannot obtain a new Social Security number without significant paperwork and evidence of actual misuse. Even then, a new Social Security number may not be effective, as "[t]he credit bureaus and banks are able to link the new number very quickly to the

---

obtain at little cost, has quantifiable value that is rapidly reaching a level comparable to the value of traditional financial assets.") (citations omitted).

[16] *See* Ashiq Ja, *Hackers Selling Healthcare Data in the Black Market*, InfoSec (July 27, 2015), https://resources.infosecinstitute.com/topic/hackers-selling-healthcare-data-in-the-black-market/ (last visited March 31, 2025).

[17] *Identity Theft and Your Social Security Number*, Social Security Administration (2018), available at https://www.ssa.gov/pubs/EN-05-10064.pdf (last visited March 31, 2025).

[18] *Id*.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    old number, so all of that old bad information is quickly inherited into the new Social Security

2    number."[19]

3        87.    This data, as one would expect, demands a much higher price on the black

4    market. Martin Walter, senior director at cybersecurity firm RedSeal, explained, "[c]ompared

5    to credit card information, personally identifiable information and Social Security Numbers are

6    worth more than 10x on the black market."[20]

7        88.    Defendant breached its obligations to Plaintiff and Class Members and/or was

8    otherwise negligent and reckless because it failed to properly maintain and safeguard its

9    computer systems and data. Defendant's unlawful conduct includes, but is not limited to, the

10   following acts and/or omissions:

11

12       a.   Failing to maintain an adequate data security system to reduce the risk of data
13            breaches and cyber-attacks;

14       b.   Failing to adequately protect employees' Private Information;

15       c.   Failing to properly monitor its own data security systems for existing intrusions;

16       d.   Failing to ensure that its vendors with access to its computer systems and data
17            employed reasonable security procedures;

18       e.   Failing to train its employees in the proper handling of emails containing Private
19            Information and maintain adequate email security practices;

20       f.   Failing to ensure the confidentiality and integrity of electronic PII it created,
21            received, maintained, and/or transmitted, in violation of 45 C.F.R. §

22

23

24

25 _____

26
[19] Brian Naylor, *Victims of Social Security Number Theft Find It's Hard to Bounce Back*, NPR (Feb. 9, 2015),
http://www.npr.org/2015/02/09/384875839/data-stolen-by-anthem-s-hackers-has-millions-worrying-about-
identity-theft (last visited March 31, 2025).

CLASS ACTION COMPLAINT - 21

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

164.306(a)(1);

g.  Failing to implement technical policies and procedures for electronic information systems that maintain electronic PII to allow access only to those persons or software programs that have been granted access rights in violation of 45 C.F.R. § 164.312(a)(1);

h.  Failing to implement policies and procedures to prevent, detect, contain, and correct security violations in violation of 45 C.F.R. § 164.308(a)(1)(i);

i.  Failing to implement procedures to review records of information system activity regularly, such as audit logs, access reports, and security incident tracking reports in violation of 45 C.F.R. § 164.308(a)(1)(ii)(D);

j.  Failing to protect against reasonably anticipated threats or hazards to the security or integrity of electronic PII in violation of 45 C.F.R. § 164.306(a)(2);

k.  Failing to protect against reasonably anticipated uses or disclosures of electronic PII that are not permitted under the privacy rules regarding individually identifiable information in violation of 45 C.F.R. § 164.306(a)(3);

l.  Failing to ensure compliance with HIPAA security standard rules by its workforce in violation of 45 C.F.R. § 164.306(a)(4);

m.  Failing to train all members of its workforce effectively on the policies and procedures regarding PII as necessary and appropriate for the members of its workforces to carry out their functions and to maintain security of PII, in violation of 45 C.F.R. § 164.530(b);

---

[20] Tim Greene, *Anthem Hack: Personal Data Stolen Sells for 10x Price of Stolen Credit Card Numbers*, Computer World (Feb. 6, 2015), http://www.itworld.com/article/2880960/anthem-hack-personal-data-stolen-sells-for-10x-price-of-stolen-credit-card-numbers.html (last visited March 31, 2025).

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

n. Failing to comply with FTC guidelines for cybersecurity, in violation of Section 5 of the FTC Act;

o. Failing to adhere to industry standards for cybersecurity as discussed above; and

p. Otherwise breaching its duties and obligations to protect Plaintiff's and Class Members' Private Information.

89. Defendant negligently and unlawfully failed to safeguard Plaintiff's and Class Members' Private Information by allowing cyberthieves to access OBI's computer network and systems which contained unsecured and unencrypted Private Information.

90. Accordingly, as outlined below, Plaintiff and Class Members now face an increased risk of fraud and identity theft. In addition, Plaintiff and the Class Members also lost the benefit of the bargain they made with Defendant.

**Defendant's Response to the Data Breach is Inadequate to Protect Plaintiff and the Class**

91. Defendant failed to inform Plaintiff and Class Members of the Data Breach in time for them to protect themselves from identity theft.

92. Defendant stated that it discovered the Data Breach in August 2024. However, Defendant did not start *directly* notifying affected individuals until March 2025, seven months later. Even then, Defendant provided only vague information as to exactly what types of Private Information were accessed and Defendant did not disclose the timeframe within which cybercriminals were present on Defendant's network. As a result, Plaintiff and Class Members are unsure as to the scope of information that was compromised and the risks they face.

93. Defendant's failure to timely notify the victims of its Data Breach meant that Plaintiff and Class Members were unable to take affirmative measures to prevent or mitigate the resulting harm.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**Plaintiff's and Class Members' Damages**

94.     Given the sensitivity of the Private Information involved in this Data Breach, Plaintiff and Class Members have all suffered damages and will face a substantial risk of additional injuries for the rest of their lives. Yet, to date, Defendant has merely offered to provide victims of the Data Breach with limited, abbreviated subscriptions to identity monitoring services. This does nothing to compensate Plaintiff or Class Members for many of the injuries they have already suffered. Nor will it prevent additional harm from befalling Plaintiff and Class Members as a result of the Data Breach. And at the conclusion of these limited subscriptions, victims will be required to pay for such services out of their own pockets.

95.     Plaintiff and Class Members have been damaged by the compromise of their Private Information in the Data Breach.

96.     Plaintiff's and Class Members' Private Information was compromised in the Data Breach and are now in the hands of the cybercriminals who accessed Defendant's computer system.

97.     Since being notified of the Data Breach, Plaintiff has spent time dealing with the impact of the Data Breach, valuable time Plaintiff otherwise would have spent on other activities, including but not limited to work and/or recreation.

98.     Due to the Data Breach, Plaintiff anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach. This includes changing passwords, cancelling credit and debit cards, and monitoring their accounts for fraudulent activity.

99.     Plaintiff's and Class Members' Private Information were compromised as a direct and proximate result of the Data Breach.

CLASS ACTION COMPLAINT - 24

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

100.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have been placed at a present, imminent, immediate, and continuing increased risk of harm from fraud and identity theft.

101.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have been forced to spend time dealing with the effects of the Data Breach.

102.    Plaintiff and Class Members face a substantial risk of out-of-pocket fraud losses such as loans opened in their names, medical services billed in their names, tax return fraud, utility bills opened in their names, credit card fraud, and similar identity theft.

103.    Plaintiff and Class Members face a substantial risk of being targeted for future phishing, data intrusion, and other illegal schemes based on their Private Information as potential fraudsters could use that information to more effectively target such schemes to Plaintiff and Class Members.

104.    Plaintiff and Class Members may also incur out-of-pocket costs for protective measures such as credit monitoring fees, credit report fees, credit freeze fees, and similar costs directly or indirectly related to the Data Breach.

105.    Plaintiff and Class Members also suffered a loss-of-value of their Private Information when it was acquired by cyber thieves in the Data Breach. Numerous courts have recognized the propriety of loss of value damages in related cases.

106.    Plaintiff and Class Members were also damaged via benefit-of-the-bargain damages. Plaintiff and Class Members were undercompensated for employment as transmitting their Private Information to Defendant was intended to be accompanied by adequate data security that complied with industry standards but was not. Part of the compensation Plaintiff and Class Members should have received from Defendant was adequate security of its

CLASS ACTION COMPLAINT - 25

computer system(s) to protect Plaintiff's and Class Members' Private Information. Thus, Plaintiff and the Class Members were not fully compensated and did not get what they agreed to.

107.    Plaintiff and Class Members have spent and will continue to spend significant amounts of time monitoring their accounts and sensitive information for misuse.

108.    Plaintiff and Class Members have suffered or will suffer actual injury as a direct result of the Data Breach. Many victims suffered ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the Data Breach relating to:

a.  Reviewing and monitoring sensitive accounts and finding fraudulent insurance claims, loans, and/or government benefits claims;

b.  Purchasing credit monitoring and identity theft prevention;

c.  Placing "freezes" and "alerts" with reporting agencies;

d.  Spending time on the phone with or at financial institutions, healthcare providers, and/or government agencies to dispute unauthorized and fraudulent activity in their name;

e.  Contacting financial institutions and closing or modifying financial accounts; and

f.  Closely reviewing and monitoring Social Security number, medical insurance accounts, bank accounts, and credit reports for unauthorized activity for the rest of their lives.

109.    Moreover, Plaintiff and Class Members have an interest in ensuring that their Private Information, believed to remain in the possession of Defendant, is protected from

CLASS ACTION COMPLAINT - 26

further breaches by the implementation of security measures and safeguards, including, but not limited to, making sure that the storage of data or documents containing Private Information is not accessible online and that access to such data is password-protected.

110.    Further, as a result of Defendant's conduct, Plaintiff and Class Members are forced to live with the anxiety that their Private Information—which contains the most intimate details about a person's life, including what ailments they suffer, whether physical or mental—may be disclosed to the entire world, thereby subjecting them to embarrassment and depriving them of any right to privacy whatsoever.

111.    As a direct and proximate result of Defendant's actions and inactions, Plaintiff and Class Members have suffered anxiety, emotional distress, loss of time, loss of privacy, and are at an increased risk of future harm.

### **Plaintiff's Individual Experience**

#### *Plaintiff Murrillo's Experience*

112.    Plaintiff Murrillo is a former employee at Defendant OBI's Cordova, Alaska facility. At the time of the Data Breach—on or about August 16, 2024—OBI retained Plaintiff Mariela Murrillo's Private Information in its system.

113.    In order to obtain employment from OBI, Plaintiff Murrillo was required to provide her Private Information to OBI.

114.    Plaintiff Murrillo received the Notice of Data Breach Letter by U.S. mail from OBI. *See* Exhibit A. According to her Notice Letter, Plaintiff Murrillo's Private Information, including her name, Social Security number, and date of birth, was improperly accessed and obtained by unauthorized third parties. She is uncertain which parts of her less private information were breached since OBI indicated in its notices that names, addresses, and

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

demographic information was included in the breach.

115.    As a result of the Data Breach, and at the direction of OBI's Notice Letter, Plaintiff Murrillo made reasonable efforts to mitigate the impact of the Data Breach, including, but not limited to, monitoring her financial accounts, changing passwords, and implementing extra security on her computers. Plaintiff Murrillo spent significant time dealing with the Data Breach, which is valuable time Plaintiff otherwise would have spent on other activities, including but not limited to work and/or recreation. This time has been lost forever and cannot be recaptured.

116.    Plaintiff Murrillo suffered actual injury from having her Private Information compromised as a result of the Data Breach, including, but not limited to: (i) invasion of privacy; (ii) theft of her Private Information; (iii) lost or diminished value of her Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (vii) statutory damages; (viii) nominal damages; and (ix) the continued and certainly increased risk to her Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in OBI's possession and is subject to further unauthorized disclosures so long as OBI fails to undertake appropriate and adequate measures to protect the Private Information.

117.    Following the Data Breach, Plaintiff Murrillo has suffered a dramatic increase in the number of spam telephone calls she receives. She is currently considering changing her telephone number because of the invasion of her privacy from the spam communications.

118.    The Data Breach has caused Plaintiff Murrillo to suffer, fear, anxiety, and stress,

CLASS ACTION COMPLAINT - 28

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   which has been compounded by the fact that OBI has still not fully informed her of key details

2   about the Data Breach's occurrence.

3       119.    Plaintiff Murrillo anticipates spending considerable time on an ongoing basis to

4   try to mitigate and address harms caused by the Data Breach.

5       120.    As a result of the Data Breach, Plaintiff Murrillo is at present risk and will

6   continue to be at increased risk of identity theft and fraud for years to come.

7       121.    Plaintiff Murrillo has a continuing interest in ensuring that her Private

8   Information which, on information and belief, remains backed up in OBI's possession, is

9   protected and safeguarded from future breaches.

10

11                              **CLASS ALLEGATIONS**

12       122.    Plaintiff brings this nationwide class action on behalf of herself and others

13  similarly situated, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and

14  23(b)(3).

15       123.    The Nationwide Class that Plaintiff seeks to represent is defined as follows:

16

17

18      **All individuals residing in the United States whose Private Information was
        accessed and/or acquired by an unauthorized party as a result of the data
19      breach discovered by Defendant OBI Seafoods in August 2024 (the
        "Class").**
20

21       124.    Excluded from the Class are the following individuals and/or entities: Defendant

22  and Defendant's parents, subsidiaries, affiliates, officers, and directors, and any entity in which

23  Defendant has a controlling interest; all individuals who make a timely election to be excluded

24  from this proceeding using the correct protocol for opting out; any and all federal, state or local

25  governments, including, but not limited to their departments, agencies, divisions, bureaus,

26  boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any

CLASS ACTION COMPLAINT - 29

aspect of this litigation, as well as their immediate family members.

125.    Plaintiff reserves the right to modify or amend the definition of the proposed Class or add necessary sub-classes before the Court determines whether certification is appropriate.

126.    <u>Numerosity</u>:  Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, there are thousands of individuals who were notified by Defendant of the Data Breach. The identities of Class Members are ascertainable through Defendant's records, Class Members' records, publication notice, self-identification, and other means.

127.    <u>Commonality</u>: Questions of law and fact common to the Classes exist and predominate over any questions affecting only individual Class Members. These include:

a.    Whether and to what extent Defendant had a duty to protect the Private Information of Plaintiff and Class Members;

b.    Whether Defendant had duties not to disclose the Private Information of Plaintiff and Class Members to unauthorized third parties;

c.    Whether Defendant had duties not to use the Private Information of Plaintiff and Class Members for non-business purposes;

d.    Whether Defendant failed to adequately safeguard the Private Information of Plaintiff and Class Members;

e.    Whether and when Defendant actually learned of the Data Breach;

f.    Whether Defendant adequately, promptly, and accurately informed Plaintiff and Class Members that their Private Information had been compromised;

g.    Whether Defendant violated the law by failing to promptly notify Plaintiff and

CLASS ACTION COMPLAINT - 30

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Class Members that their Private Information had been compromised;

h.  Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

i.  Whether Defendant adequately addressed and fixed the vulnerabilities that permitted the Data Breach to occur;

j.  Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard the Private Information of Plaintiff and Class Members;

k.  Whether Defendant violated the statutes invoked herein;

l.  Whether Plaintiff and Class Members are entitled to actual, consequential, and/or nominal damages as a result of Defendant's wrongful conduct;

m.  Whether Plaintiff and Class Members are entitled to restitution as a result of Defendant's wrongful conduct; and

n.  Whether Plaintiff and Class Members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of the Data Breach.

128.  Typicality:  Plaintiff's claims are typical of those of other Class Members because all had their Private Information compromised as a result of the Data Breach, due to Defendant's misfeasance. Likewise, the relief to which Plaintiff is entitled is typical of the Class because Defendant has acted and refused to act on grounds generally applicable to the Class. Defendant's policies challenged herein apply to and affect Class Members uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

129.  Adequacy: Plaintiff will fairly and adequately represent and protect the interests

CLASS ACTION COMPLAINT - 31

of the Class Members in that Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other Members of the Class. Plaintiff and her counsel seek no relief that is antagonistic or adverse to the Members of the Class and the infringement of the rights and the damages Plaintiff has suffered are typical of other Class Members. Plaintiff has also retained counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.

130.    <u>Superiority</u>: Compared to all other available means of fair and efficient adjudication of the claims of Plaintiff and the Class, a class action is the most superior. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a risk of inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Members of the Class can be readily identified and notified based on, *inter alia*, Defendant's records and databases.

## **CAUSES OF ACTION**

### **COUNT I**
### **NEGLIGENCE**
### **(On Behalf of Plaintiff and the Class)**

131.    Plaintiff re-alleges and incorporates by reference herein all of the allegations

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

included in the paragraphs above.

132.    Plaintiff and Class Members were required to submit their Private Information to Defendant in order to receive employment from Defendant.

133.    Plaintiff and Class Members entrusted their Private Information to Defendant on the premise and reasonable expectation that Defendant would safeguard their information, use their Private Information for business purposes only, and that Defendant would securely maintain the Private Information so that it was not accessible to, or able to be exfiltrated by cybercriminals.

134.    Defendant has full knowledge of the sensitivity of the Private Information it collected and maintained, and the types of harm that Plaintiff and Class Members could and would suffer if the Private Information were wrongfully disclosed.

135.    Defendant knew or reasonably should have known that the failure to exercise due care in the collecting, storing, and using of the Private Information of Plaintiff and Class Members involved an unreasonable risk of harm to Plaintiff and Class Members, even if the harm occurred through the criminal acts of a third party.

136.    Plaintiff and Class Members were the foreseeable victims of any inadequate safety and security practices.  Plaintiff and the Class Members had no ability to protect their PII that was in Defendant's possession. As such, a special relationship existed between Defendant and Plaintiff and the Class.

137.    Defendant had a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties. This duty includes, among other things, designing, maintaining, and testing Defendant's security protocols to ensure that the Private Information of Plaintiff and

CLASS ACTION COMPLAINT - 33

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Class Members in Defendant's possession was adequately secured and protected.

138.    Defendant's duty extended to protecting Plaintiff and the Class from the risk of foreseeable criminal conduct of third parties, which has been recognized in situations where the actor's own conduct or misconduct exposes another to the risk or defeats protections put in place to guard against the risk, or where the parties are in a special relationship. *See* Restatement (Second) of Torts § 302B. Numerous courts and legislatures have also recognized the existence of a specific duty to reasonably safeguard personal information.

139.    Defendant also had a duty to exercise appropriate clearinghouse practices to remove Private Information it was no longer required to retain.

140.    Defendant also had a duty to have procedures in place to detect and prevent the improper access and misuse of the Private Information of Plaintiff and Class Members.

141.    Defendant's duty to use reasonable security measures arose as a result of the special relationship that existed between Defendant and Plaintiff and Class Members. That special relationship arose because Plaintiff and Class Members entrusted Defendant, either directly or indirectly, with their confidential Private Information, a necessary part of obtaining employment from Defendant.

142.    Defendant was subject to an "independent duty," untethered to any contract between Defendant and Plaintiff or Class Members.

143.    A breach of security, unauthorized access, and resulting injury to Plaintiff and Class Members was reasonably foreseeable, particularly in light of Defendant's inadequate security practices.

144.    Defendant knew or should have known of the inherent risks in collecting and storing the Private Information of Plaintiff and Class Members, the critical importance of

CLASS ACTION COMPLAINT - 34

providing adequate security of that Private Information, and the necessity for encrypting Private Information stored on Defendant's systems.

145.    Defendant's own conduct created a foreseeable risk of harm to Plaintiff and Class Members. Defendant's misconduct included, but was not limited to, its failure to take the steps and opportunities to prevent the Data Breach as set forth herein. Defendant's misconduct also included its decisions not to comply with industry standards for the safekeeping of the Private Information of Plaintiff and Class Members, including basic encryption techniques freely available to Defendant.

146.    Defendant was in a position to protect against the harm suffered by Plaintiff and Class Members as a result of the Data Breach.

147.    Defendant had and continues to have a duty to adequately disclose that the Private Information of Plaintiff and Class Members within Defendant's possession might have been compromised, how it was compromised, and precisely the types of data that were compromised and when. Such notice was necessary to allow Plaintiff and Class Members to take steps to prevent, mitigate, and repair any identity theft and the fraudulent use of their Private Information by third parties.

148.    Defendant had a duty to employ proper procedures to prevent the unauthorized dissemination of the Private Information of Plaintiff and Class Members.

149.    Defendant has admitted that the Private Information of Plaintiff and Class Members was wrongfully lost and disclosed to unauthorized third persons as a result of the Data Breach.

150.    Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to implement industry protocols and exercise

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    reasonable care in protecting and safeguarding the Private Information of Plaintiff and Class
2    Members during the time the Private Information was within Defendant's possession or
3    control.

4          151.    Defendant improperly and inadequately safeguarded the Private Information of
5    Plaintiff and Class Members in deviation from standard industry rules, regulations, and
6    practices at the time of the Data Breach.
7
          152.    Defendant failed to heed industry warnings and alerts to provide adequate
8    safeguards to protect the Private Information of Plaintiff and Class Members in the face of
9    increased risk of theft.
10
11          153.    Defendant, through its actions and/or omissions, unlawfully breached its duty to
12    Plaintiff and Class Members by failing to have appropriate procedures in place to detect and
13    prevent dissemination of Private Information.
14
          154.    Defendant breached its duty to exercise appropriate clearinghouse practices by
15    failing to remove the Private Information they were no longer required to retain pursuant to
16    regulations.
17
18          155.    Defendant, through its actions and/or omissions, unlawfully breached its duty to
19    adequately and timely disclose to Plaintiff and Class Members the existence and scope of the
20    Data Breach.
21
22          156.    But for Defendant's wrongful and negligent breach of duties owed to Plaintiff
23    and the Nationwide Class, the Private Information of Plaintiff and Class Members would not
24    have been compromised.

25          157.    There is a close causal connection between Defendant's failure to implement
26    security measures to protect the Private Information of Plaintiff and Class Members and the

CLASS ACTION COMPLAINT - 36

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

harm, or risk of imminent harm, suffered by Plaintiff and the Class. The Private Information of Plaintiff and Class Members was lost and accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such Private Information by adopting, implementing, and maintaining appropriate security measures.

158.    Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and its current and former employees and vendors, which is recognized by laws and regulations including but not limited to HIPAA, the FTC Act, and common law. Defendant was in a superior position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Class Members from a data breach.

159.    Defendant's duty to use reasonable security measures under HIPAA required Defendant to "reasonably protect" confidential data from "any intentional or unintentional use or disclosure" and to "have in place appropriate administrative, technical, and physical safeguards to protect the privacy of protected health information." 45 C.F.R. § 164.530(c)(1). Some or all of the medical information at issue in this case constitutes (or may constitute) "protected health information" within the meaning of HIPAA.

160.    Additionally, Section 5 of the FTC Act prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect Private Information. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

161.    Defendant violated Section 5 of the FTC Act by failing to use reasonable measures to protect Private Information and not complying with applicable industry standards,

CLASS ACTION COMPLAINT - 37

as described in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount of Private Information it obtained and stored and the foreseeable consequences of the immense damages that would result to Plaintiff and Class Members.

162.    Defendant's violation of Section 5 of the FTC Act constitutes negligence.

163.    Plaintiff and Class Members are within the class of persons that the FTC Act was intended to protect.

164.    The harm that occurred as a result of the Data Breach is the type of harm the FTC Act was intended to guard against. The FTC has pursued enforcement actions against businesses, which, as a result of its failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and Class Members.

165.    Defendant's duty to act reasonably in collecting, storing, and maintaining the Private Information, and to use reasonable care in protecting such information arose not only as a result of the statutes and regulations described above, but also because Defendant is bound by industry standards to protect confidential Private Information that it either affirmatively acquires, maintains, or stores. Industry standards require Defendant to exercise reasonable care with respect to Plaintiff and Class Members by implementing reasonable data security measures that do not create a foreseeable risk of harm to Plaintiff and Class Members. Industry best practices put the onus of adequate cybersecurity on the entity most capable of preventing a Data Breach. In this case, Defendant was the only entity that could adequately protect the data that it solicited, collected, and stored.

166.    As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) actual identity

CLASS ACTION COMPLAINT - 38

theft; (ii) the loss of the opportunity to control how their Private Information is used; (iii) the compromise, publication, and/or theft of their Private Information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Private Information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the present and continuing consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their Private Information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the Private Information of Plaintiff and Class Members; and (viii) present and continuing costs in terms of time, effort, and money that has been and will be expended to prevent, detect, contest, and repair the impact of the Private Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

167.    As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

168.    Additionally, as a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered and will suffer the continued risk of exposure of their Private Information, which remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the Private Information in its continued possession.

CLASS ACTION COMPLAINT - 39

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

169.    As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members are entitled to recover actual, consequential, and nominal damages.

<u>COUNT II</u>
**BREACH OF IMPLIED CONTRACT**
**(On behalf of Plaintiff and the Class)**

170.    Plaintiff re-alleges and incorporates by reference herein all of the allegations included in the paragraphs above.

171.    Plaintiff and Class Members entered into implied contracts with Defendant under which Defendant agreed to safeguard and protect such information and to timely and accurately notify Plaintiff and Class Members if their information had been breached and compromised.

172.    Plaintiff and Class Members were required to deliver, and did deliver, their Private Information to Defendant as part of the process of obtaining employment provided by Defendant. Plaintiff and Class Members provided their labor to Defendant in exchange for wages.

173.    Defendant solicited, offered, and invited Class Members to provide their Private Information as part of Defendant's regular business practices. Plaintiff and Class Members accepted Defendant's offers and provided their Private Information to Defendant.

174.    Defendant accepted possession of Plaintiff's and Class Members' Private Information for the purpose of providing employment to Plaintiff and Class Members.

175.    When Plaintiff and Class Members provided labor and provided their Private Information to OBI as an employer, in exchange for wages, they entered into implied contracts with Defendant, and Plaintiff and Class Members intended and understood that Private Information would be adequately safeguarded as part of that implied contract.

CLASS ACTION COMPLAINT - 40

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

176.    In accepting such information in exchange for labor, Plaintiff and the other Class Members entered into an implied contract with Defendant whereby Defendant became obligated to reasonably safeguard Plaintiff's and the other Class Members' Private Information.

177.    In delivering their Private Information to Defendant, Plaintiff and Class Members intended and understood that Defendant would adequately safeguard the data as part of their employment relationship.

178.    The implied promise of confidentiality includes consideration beyond those pre-existing general duties owed under other state or federal regulations (including HIPAA for health information). The additional consideration included implied promises to take adequate steps to comply with specific industry data security standards and FTC guidelines on data security.

179.    The implied promises include, but are not limited to: (1) taking steps to ensure that any agents who are granted access to Private Information also protect the confidentiality of that data; (2) taking steps to ensure that the information that is placed in the control of its agents is restricted and limited to achieving an authorized business purpose; (3) restricting access to qualified and trained agents; (4) designing and implementing appropriate retention policies to protect the information against criminal data breaches; (5) applying or requiring proper encryption; (6) implementing multifactor authentication for access; and (7) taking other steps to protect against foreseeable data breaches.

180.    Defendant's implied promises to safeguard Plaintiff's and Class Members' Private Information are evidenced by, *e.g.*, representations in Defendant's Privacy Policy described above.

181.    Plaintiff and Class Members would not have entrusted their Private Information

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

to Defendant in the absence of such an implied contract.

182.    Had Defendant disclosed to Plaintiff and Class Members that it did not have adequate computer systems and security practices to secure sensitive data, Plaintiff and the other Class Members would not have provided their sensitive information to Defendant.

183.    Defendant recognized that Plaintiff's and Class Members' Private Information is highly sensitive and must be protected, and that this protection was of material importance as part of the bargain to Plaintiff and the other Class Members.

184.    Plaintiff and the other Class Members fully performed their obligations under the implied contracts with Defendant.

185.    Defendant breached the implied contract with Plaintiff and the other Class Members by failing to take reasonable measures to safeguard their Private Information as described herein.

186.    As a direct and proximate result of Defendant's conduct, Plaintiff and the other Class Members suffered and will continue to suffer damages in an amount to be proven at trial, or, alternatively, nominal damages.

**COUNT III**
**UNJUST ENRICHMENT**
**(On behalf of Plaintiff and the Class)**

187.    Plaintiff re-alleges and incorporates by reference herein all of the allegations included in the paragraphs above. Notwithstanding, Plaintiff brings this claim in the alternative to any claim for breach of contractual obligations.

188.    Defendant benefited from receiving Plaintiff's and Class Members' Private Information by its ability to retain and use that information for its own benefit. Defendant understood this benefit.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

189.    Defendant enriched itself by saving the costs it reasonably should have expended on data security measures to secure Plaintiff's and Class Members' Private Information.

190.    Defendant was also enriched by the value of Plaintiff's and Class Members' Private Information. Private Information has independent value as a form of intangible property. Defendant also derives value from this information because it allows Defendant to operate its business and generate revenue.

191.    Instead of providing a reasonable level of security that would have prevented the Data Breach, Defendant instead calculated to avoid its data security obligations at the expense of Plaintiff and Class Members by utilizing cheaper, ineffective security measures. Plaintiff and Class Members, on the other hand, suffered as a direct and proximate result of Defendant's failure to provide the requisite security.

192.    Under the principles of equity and good conscience, Defendant should not be permitted to retain the monetary value of the benefit belonging to Plaintiff and Class Members, because Defendant failed to implement appropriate data management and security measures that are mandated by industry standards.

193.    Defendant acquired the monetary benefit and Private Information through inequitable means in that it failed to disclose the inadequate security practices previously alleged.

194.    Had Plaintiff and Class Members known that Defendant had not secured their Private Information, they would not have agreed to provide their Private Information to Defendant.

195.    Plaintiff and Class Members have no adequate remedy at law.

CLASS ACTION COMPLAINT - 43

196.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity to control how their Private Information is used; (iii) the compromise, publication, and/or theft of their Private Information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, and/or unauthorized use of their Private Information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from identity theft; (vi) the continued risk to their Private Information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the Private Information in their continued possession and (vii) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the Private Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

197.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm. Defendant should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiff and Class Members, proceeds that it unjustly received from them.

**COUNT IV**
**Violation Of The Washington State Consumer Protection Act**
**RCW 19.86.010 *et seq.***
**(On behalf of Plaintiff and the Class)**

198.    Plaintiff re-alleges and incorporates by reference herein all of the allegations included in the paragraphs above, as if fully set forth herein, and brings this claim, in the

CLASS ACTION COMPLAINT - 44

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

alternative to any claim for breach of contractual obligations, on behalf of herself and the Class.

199.    Defendant is a "person," as defined by Wash. Rev. Code Ann. § 19.86.010(1).

200.    Defendant advertised, offered, or sold goods or services in Washington and engaged in trade or commerce directly or indirectly affecting the people of Washington, as defined by Wash. Rev. Code Ann. § 19.86.010 (2).

201.    Defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of Wash. Rev. Code Ann. § 19.86.020, including:

   a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff and Class Members' Private Information, which was a direct and proximate cause of the data breach;

   b.    Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the data breach;

   c.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class Members' Private Information, including duties imposed by the FTCA;

   d.    Misrepresenting that it would protect the privacy and confidentiality of Plaintiff and Class Members' Private Information, including by implementing and maintaining reasonable security measures;

   e.    Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class Members' Private Information, including duties imposed by the FTCA;

CLASS ACTION COMPLAINT - 45

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff and Class Members' Private Information; and

g.  Omitting suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class Members' Private Information, including duties imposed by the FTCA.

202.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Private Information.

203.  Defendant acted intentionally, knowingly, and maliciously to violate Washington's Consumer Protection Act, and recklessly disregarded Plaintiff and Class Members' rights.

204.  Defendant's conduct is injurious to the public interest because it violates Wash. Rev. Code Ann. § 19.86.020, violates a statute that contains a specific legislation declaration of public interest impact, and/or injured persons and had and has the capacity to injure persons. Further, its conduct affected the public interest, including, upon information and belief, thousands of Washingtonians affected by the Data Breach.

205.  As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; a present and continuing risk of fraud and identity theft; and loss of value of their Private Information.

206.  Plaintiff and Class Members accordingly seek all monetary and non-monetary

CLASS ACTION COMPLAINT - 46

relief allowed by law, including actual damages, treble damages, injunctive relief, civil penalties, and attorneys' fees and costs.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and Class Members, requests judgment against Defendant and that the Court grant the following:

A.    For an Order certifying the Classes, and appointing Plaintiff and her Counsel to represent the Class;

B.    For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of the Private Information of Plaintiff and Class Members, and from refusing to issue prompt, complete, and accurate disclosures to Plaintiff and Class Members;

C.    For injunctive relief requested by Plaintiff, including, but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class Members, including but not limited to an order:

   i.    prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

   ii.    requiring Defendant to protect, including through encryption, all data collected through the course of its business in accordance with all applicable regulations, industry standards, and federal, state, or local laws;

   iii.    requiring Defendant to delete, destroy, and purge the Private Information of Plaintiff and Class Members unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Plaintiff and Class Members;

CLASS ACTION COMPLAINT - 47

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

iv.     requiring Defendant to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of the Private Information of Plaintiff and Class Members;

v.      prohibiting Defendant from maintaining the Private Information of Plaintiff and Class Members on a cloud-based database;

vi.     requiring Defendant to engage independent third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

vii.    requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring;

viii.   requiring Defendant to audit, test, and train its security personnel regarding any new or modified procedures;

ix.     requiring Defendant to segment data by, among other things, creating firewalls and access controls so that if one area of Defendant's network is compromised, hackers cannot gain access to other portions of Defendant's systems;

x.      requiring Defendant to conduct regular database scanning and security checks;

xi.     requiring Defendant to establish an information security training program that includes at least annual information security training for all employees,

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling Private Information, as well as protecting the Private Information of Plaintiff and Class Members;

xii.   requiring Defendant to routinely and continually conduct internal training and education, and on an annual basis, to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach;

xiii.  requiring Defendant to implement a system of tests to assess its respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendant's policies, programs, and systems for protecting personal identifying information;

xiv.  requiring Defendant to implement, maintain, regularly review, and revise as necessary a threat management program designed to appropriately monitor Defendant's information networks for threats, both internal and external, and assess whether monitoring tools are appropriately configured, tested, and updated;

xv.   requiring Defendant to meaningfully educate all Class Members about the threats that they face as a result of the loss of their confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves;

xvi.  requiring Defendant to implement logging and monitoring programs sufficient to track traffic to and from Defendant's servers; and for a period of

CLASS ACTION COMPLAINT - 49

10 years, appointing a qualified and independent third party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate Defendant's compliance with the terms of the Court's final judgment, to provide such report to the Court and to counsel for the class, and to report any deficiencies with compliance of the Court's final judgment;

D.    For an award of damages, including, but not limited to, actual, consequential, nominal, and treble damages, as allowed by law in an amount to be determined;

E.    For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

F.    For prejudgment interest on all amounts awarded; and

G.    Such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands that this matter be tried before a jury.

DATED this 2nd day of April, 2025.

/s/ *Kaleigh N. Boyd*
Kaleigh N. Boyd, WSBA No. 52684
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
kboyd@tousley.com

Danielle L. Perry*
**MASON LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
dperry@masonllp.com

*Pro hac vice forthcoming*

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

EXHIBIT A



Secure Processing Center
25 Route 111, P.O. Box 1048
Smithtown, NY 11787

Mariela K Murrillo

Cordova AK 99574

March 19, 2025

## Notice of Data Breach

Dear Mariela K Murrillo,

OBI Seafoods, LLC ("OBI") is writing to inform you of a recent security incident that involved personal information related to certain current and former workers and vendors of OBI and Ocean Beauty Seafoods, LLC ("OBS").

While we are unaware of any reports of fraud or identity theft as a result of this incident, we encourage you to read this notice carefully as it contains information regarding the incident and steps you can take to safeguard your personal information.

### What Happened?

On or around August 16, 2024, OBI became aware of a security incident impacting a portion of its environment. Upon detection, OBI immediately took steps to secure its systems and engaged external cybersecurity specialists to assist with the investigation. OBI also notified federal law enforcement of the incident. Through the investigation, OBI determined that information related to current and former workers and vendors of OBI or OBS may be involved.

### What Information Was Involved?

OBI maintains information relating to both OBI and OBS workers and vendors. Although the information involved varies depending on each individual and their relationship with OBI or OBS, after reviewing our records, we have determined the following information is involved: your name and Social Security Number, Date of Birth.

For current and former workers, it is possible that OBI maintained data regarding your dependents and beneficiaries if that information was provided to OBI or OBS. To confirm whether their information may be involved, we encourage you to call our call center at 855-659-0091, Monday through Friday from 6:00am through 6:00pm Pacific Time. Additionally, please be aware that your dependents and beneficiaries may receive a letter in the mail. This letter is legitimate and relates to the same incident we are notifying you about.

### What Are We Doing?

The confidentiality, privacy, and security of information maintained by Ocean Beauty remains our top priority. Upon discovery, we moved quickly and diligently to investigate the incident, ensure the security of our systems, and identify whose information may be involved.

OBI is offering complimentary credit monitoring and identity protection services to individuals whose Social Security Number, Taxpayer ID, Driver's License, or State Identification Number may be involved in this incident.

We strongly encourage you to review the steps outlined in this letter to protect your information and sign up for the services offered. Cybersecurity is an ongoing concern for everyone, as companies worldwide face cybersecurity threats. Individuals can better protect themselves by following the steps below.

**What Can You Do?**
OBI encourages you to consider the following recommendations to protect your personal information:

1. **Enroll in Complimentary Credit Monitoring and Identity Protection Services**. We have arranged for Experian to provide individuals whose Social Security Number, Taxpayer ID, Driver's License, or State Identification Number may have been impacted by this incident with access to Experian IdentityWorks$^{SM}$ for 24 months. This service provides access to the following:

   - **Credit Monitoring:** This service actively monitors Experian, Equifax and Transunion files for indicators of fraud.
   - **Identity Restoration:** This service provides Identity Restoration specialists available to help you address credit and non-credit related fraud.
   - **Identity Theft Insurance:** Identity theft insurance will reimburse you for expenses associated with restoring your identity should you become a victim of identity theft. If your identity is compromise, the policy provides coverage for up to $1,000,000.

   Enrollment Instructions: Using your unique activation code, ███████, you may enroll in the service in two ways:

   - **Online**: Visit www.experianidworks.com/3bcredit and follow the instructions to enroll. Please note that you will be asked to create an account.

   - **By Phone**: Contact Experian's customer care team at 1-877-288-8057.

   Ensure that you **enroll by June 30, 2025.** The provided code will not work after this date. Be prepared to provide engagement number **B142093** as proof of eligibility for the Identity Restoration services by Experian.

2. **Review Your Accounts for Suspicious Activity.** We encourage you to remain vigilant by regularly reviewing your accounts and monitoring credit reports for suspicious activity.

3. **Order A Credit Report.** If you are a U.S. resident, you are entitled under U.S. law to one free credit report annually from each of the three nationwide consumer reporting agencies. To order your free credit report, visit www.annualcreditreport.com or call toll-free at 1-877-322-8228. If you discover information on your credit report arising from a fraudulent transaction, you should request that the credit reporting agency delete that information from your credit report file. Contact information for the nationwide credit reporting agencies is provided in the next section.

4. **Contact the Federal Trade Commission, Law Enforcement, and Credit Bureaus**. You may contact the Federal Trade Commission ("FTC"), your state's Attorney General's office, or law enforcement, to report incidents of identity theft or to learn about steps you can take to protect yourself from identity theft. To learn more, you can go to the FTC's websites at www.identitytheft.gov and www.ftc.gov/idtheft; call the FTC at (877) IDTHEFT (438-4338); or write to: FTC Consumer Response Center, 600 Pennsylvania Avenue, NW, Washington, DC 20580. You may contact the nationwide reporting agencies at:

| Equifax | Experian | TransUnion |
|---|---|---|
| P.O. Box 740241 Atlanta, Georgia, 30374 | P.O. Box 9701 Allen, TX 75013 | P.O. Box 2000 Chester, PA 19022 |
| www.equifax.com 1-800-525-6285 | www.experian.com 1-888-397-3742 | www.transunion.com 1-800-916-8800 |